UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAIRWARNING IP, LLC,

      Plaintiff,

v.                                                                 CASE NO. 8:15-cv-100-T-23AEP

CYNERGISTEK, INC.,

      Defendant.

_____/

### ORDER

      FairWarning IP, LLC, sues (Doc. 1) CynergisTek, Inc., for infringing United

States Patent No. 8,578,500.  CynergisTek counterclaims (Doc. 33) for a judgment

declaring that the '500 patent is invalid and that CynergisTek did not infringe the

'500 patent.  CynergisTek moves (Doc. 42) for a judgment on the pleadings.

**A. FairWarning's claims for infringement**[*]

      Citing *FairWarning IP, LLC v. Iatric Systems, Inc.*, 2015 WL 3883958 (M.D. Fla.

June 24, 2015), CynergisTek argues that "[t]he doctrine of collateral estoppel now

precludes FairWarning from asserting the validity of the '500 Patent in this case."

(Doc. 42 at 2)  *Iatric Systems* dismisses FairWarning's infringement claims against

---

      [*] Specifically, FairWarning sues CynergisTek for infringement, for contributory
infringement, and for active inducement of infringement.

Iatric Systems because the '500 patent is invalid under 35 U.S.C. § 101.  As *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998), explains:

> To claim the benefit of collateral estoppel in the Eleventh Circuit, the party relying upon the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), holds that, if a previous action invalidated a patent after the patent-holder had a full and fair opportunity to litigate, collateral estoppel prevents the patent-holder from enforcing the patent against an unrelated party in another action.  *Accord Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.").

FairWarning argues that "FairWarning lacked a full and fair opportunity to pursue its claims in the original action." (Doc. 45 at 5)  In support, FairWarning attempts to re-litigate the validity of the '500 patent and to demonstrate that "the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and issues in suit." (Doc. 45 at 5 (quoting *Blounder-Tongue*, 402 U.S. at 330)).  Specifically, FairWarning challenges the legal conclusions reached in *Iatric Systems*.  However, *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170

- 2 -

F.3d 1373, 1380 (Fed. Cir. 1999), states, "[I]t is clear from the case law that has developed since *Blonder-Tongue* that an inappropriate inquiry is whether the prior finding of [patent] invalidity was correct; instead, the court is only to decide whether the patentee had a full and fair opportunity to litigate the validity of his patent . . . ." A review of *Iatric System* confirms (1) that FairWarning responded (without requesting a hearing) to Iatric Systems's motion to dismiss, which challenged the '500 patent's validity, and (2) that the order dismissing the action both considered and rejected FairWarning's arguments.

Regardless of collateral estoppel, for the same reasons explained in *Iatric Systems*, FairWarning fails to state a claim for infringement of the '500 patent, which is "directed to" nothing more than a patent-ineligible abstract idea. FairWarning asserts neither a fact nor an argument that warrants a different conclusion in this action.

**2. CynergisTek's counterclaims for a declaratory judgment**

Also, CynergisTek counterclaims (Doc. 33) for a judgment declaring that the '500 patent is invalid and that CynergisTek did not infringe the '500 patent. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), grants "any court of the United States" the authority to "declare the rights and other legal relations of any interested party seeking such declaration." As *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962), explains, "The Declaratory Judgment Act was an authorization, not a command." *See also Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369,

1374 (M.D. Fla. 2008) (Conway, J.) ("Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims.").  "If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the complaint." *Medmarc Cas. Ins. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (Marra, J.).

Because the counterclaims duplicate CynergisTek's fourth and fifth affirmative defenses, the "request[s for] a declaratory judgment will not serve a useful purpose." *Medmarc*, 783 F. Supp. 2d at 1217 ("A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses."); *see also Dantzler, Inc. v. Hubert Moore Lumber Co.*, 2013 WL 5406440, at *2 (M.D. Ga. Sept. 25, 2013) (Lawson, J.) ("[C]ourts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses.").

Accordingly, CynergisTek's motion (Doc. 42) for judgment on the pleadings is **GRANTED IN PART**.  CynergisTek's counterclaims for a declaratory judgment are **DISMISSED AS MOOT**.  Based on the pleadings and based on *FairWarning IP, LLC v. Iatric Systems, Inc.*, 2015 WL 3883958 (M.D. Fla. June 24, 2015), which invalidates United States Patent No. 8,578,500 under 35 U.S.C. § 101, the clerk is directed (1) to

enter a judgment in favor of CynergisTek and against FairWarning on FairWarning's claims, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on September 14, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE